IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT L. KIER, JR., ) <br> Reg. No. 95562-020, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v.   ) <br>   ) <br> U.S. ATTORNEY GENERAL, et al., ) <br>   ) <br> Defendants. ) | CIVIL ACTION NO. <br> 2:18-cv-1025-MHT-CSC <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff Robert L. Kier, Jr., a federal inmate proceeding pro se and in forma pauperis, is before the Court on a complaint construed as a *Bivens* action.[1] Doc. 1. Kier names as Defendants the U.S. Attorney General; the U.S. Department of Justice; the Federal Bureau of Prisons ("BOP"); Maxwell Federal Prison Camp ("Maxwell FPC"); and Walter Woods, Warden at Maxwell FPC when Kier filed his complaint. Doc. 1 at 1–2; Doc. 1-1 at 1. Kier claims that prison officials violated his due process rights when they failed to give him written notice of the charges against him and a written statement of the evidence relied upon by factfinders in a prison disciplinary action. Doc. 1; Doc. 1-1 at 2–

---

[1] Kier purports to bring this action under 42 U.S.C. § 1983. Doc. 1 at 1–4; Doc. 1-1 at 1-9. Because he challenges actions by federal actors, the Court construes Kier's complaint as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action, which is brought against a federal actor acting in his or her individual capacity under color of federal law, is the federal counterpart to an action under 42 U.S.C. § 1983. *See Butz v. Economou*, 438 U.S. 478, 498–500 (1978).

4, 7–9. He seeks $5.2 million in punitive damages and transfer to a minimum security facility "in his region."[2] Doc. 1 at 5. Upon review, the Magistrate Judge concludes that the complaint is due to be dismissed before service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) because Kier fails to state a claim upon which relief may be granted.

## II.  DISCUSSION

A.    **Review Under 28 U.S.C. § 1915(e)(2)(B)**

Because Kier is proceeding in forma pauperis, the Court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B). Under this review, the Court must determine whether the cause of action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint may be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319 (1989); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed. R. Civ. P. 12(b)(6)). [3]

---

[2] In June 2013, the United States District Court for the Middle District of Georgia sentenced Kier to 168 months in prison for one count of possession of stolen firearms and one count of possession of stolen goods.

[3] The predecessor to this section is 28 U.S.C. § 1915(d). Although Congress made substantive changes to § 1915(d) when it enacted § 1915(b)(2)(B), the failure-to-state-a-claim analysis in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

2

B.      **Kier's Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Kier claims that prison officials violated his due process rights when they failed to give him written notice of the charges against him and a written statement of the evidence relied upon by factfinders in a prison disciplinary recorded in the BOP's data system.[4] Doc. 1; Doc. 1-1 at 2–4, 7–9.

Kier appears to allege that the disciplinary action occurred at Maxwell FPC.[5] *See* Doc. 1 at 1–2. However, his allegations do not reflect that he received an actual sanction for the disciplinary action. He seems to suggest that the sanction imposed in the disciplinary action was suspended. *See* Doc. 1-1 at 8. Cobbling together his vague allegations, it appears that the suspended sanction was a recommended transfer to a "low" security federal facility. *See* Doc. 1 at 5. Kier does not allege that his sentence was altered because of the disciplinary action or that he was sanctioned with, for instance, the loss of good-time credit.

To state an actionable claim under *Bivens*, there must be a violation of the Constitution. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). For Kier to have suffered a due process violation, he must show he was deprived of life, liberty, or property. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a constitutionally protected liberty interest is implicated in a prison disciplinary action, the inmate is entitled to (1) written notice of the charges brought against him before the disciplinary hearing; (2) an opportunity, when

---

[4] Kier acknowledges that, with respect to his claim, he did not exhaust the administrative remedy available to him through the BOP's administrative remedy program. Doc. 1-1 at 4–5.

[5] Kier was incarcerated at FCI Texarkana (Low) in Texarkana, Texas, when he filed his complaint. Doc. 1 at 1.

3

consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff*, 418 U.S. at 564–66.

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the U.S. Supreme Court recognized the two instances in which a prisoner may claim a constitutionally protected liberty interest that implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483–84. The Court in *Sandin* specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause. *Id*. at 484. "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id*. at 485. After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest requiring the protections outlined in *Wolff* is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to "the ordinary incidents of prison life." *Id*. at 484; *see Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

The prison disciplinary action about which Kier complains did not, in the end, result in his receiving any sanction. *See* Doc. 1 at 5; Doc. 1-1 at 8–9. At most, the sanction imposed in the disciplinary action—recommended transfer to a "low" security facility—

was, by Kier's own admission, suspended. Moreover, the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); *Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983) (a prisoner has no constitutional right to be confined in a particular institution and may be subjected to an interstate transfer without implicating the Constitution).

It is an ordinary incident of prison life for a prisoner to be transferred to another facility. *See McKune v. Lile*, 636 U.S. 24, 39 (2002). Even when a prisoner has become accustomed to a more comfortable facility, his expectation to remain there "is too ephemeral and insubstantial to trigger a procedural due process protection as long as prison official have discretion to transfer him for whatever reason or for no reason at all." *Id.* at 38 (quoting *Meachum*, 427 U.S. at 225). Under *Sandin,* mere transfer to a "low" security facility does not represent a "dramatic departure from the basic conditions of a prison sentence." 515 U.S. at 483–84. While more burdensome on an inmate, transfer to a more secure facility is "within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225; *Olim*, 461 U.S. at 245–46. Thus, even if Kier was sanctioned with an actual transfer to a "low" facility, that sanction did not implicate a constitutionally protected liberty interest.[6]

---

[6] The Court reiterates that Kier alleges that any sanction that may have been imposed against him was suspended.

The allegations in Kier's complaint reflect no imposition against Kier of an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," and thus present no due process claim under the law as established in *Sandin*. 515 U.S. at 484. The complaint fails to state a claim upon which relief may be granted and, therefore, is subject to dismissal under § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Kier's complaint be DISMISSED with prejudice before service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further ORDERED that Plaintiff shall file any objections to this Recommendation by **January 24, 2022.** Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 10th day of January, 2022.

　　　　　　　　　　/s/   Charles S. Coody
　　　　　　　　CHARLES S. COODY
　　　　　　　　UNITED STATES MAGISTRATE JUDGE